UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOCTOR'S ASSOCIATES LLC and
SUBWAY® IP LLC,

                Plaintiffs,

-against-

LYUDMILA KHONONOV,

                Defendant.

**MEMORANDUM AND ORDER**

Case No. 1:22-CV-7637-FB-RML

*Appearances*:
*For the Plaintiffs*:
JOHN DOROGHAZI
Wiggin and Dana LLP
265 Church Street
New Haven, CT 06510

*For the Defendant*:
MICHAEL A. TAMA
Michael A. Tama, PC
220 Old Country Road
Mineola, NY 11501

**BLOCK, Senior District Judge:**

    Plaintiffs Doctor's Associates LLP and Subway® IP LLC (collectively, "Plaintiffs") move for (1) a stay of Defendant Lyudmila Khononov's counterclaims for arbitration and (2) voluntary dismissal without prejudice of their claims pursuant to Federal Rule of Civil Procedure 41(a)(2). For the following reasons, Plaintiffs' motion is granted.

### BACKGROUND

    Defendant operated a Subway franchise in Brooklyn, and after she closed her franchise and Plaintiffs terminated the franchise agreement, Defendant opened

1

a new sandwich shop, "URWAY SUBS," in the same location. Consequently, Plaintiffs commenced this action, alleging that Defendant violated their intellectual property rights and the non-compete clause in the franchise agreement and moving for a preliminary injunction. On January 13, 2023, this Court denied Plaintiffs' motion for a preliminary injunction because of failure to show irreparable harm. *See Doctor's Assocs. LLC v. Khononov*, No. 22-CV-7637 (FB), 2023 WL 184389 (E.D.N.Y. Jan. 13, 2023). Defendant counterclaimed for common-law fraud, intentional and negligent misrepresentation, unjust enrichment, and breach of contract relating to allegations that Subway's tuna had no detectable tuna DNA sequences.

After their motion for injunctive relief failed, Plaintiffs sought to arbitrate their claims and Defendants' counterclaims. The Franchise Agreement contains a broad arbitration clause, stating, inter alia, "any dispute, controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration."[1]

By letter motion on November 30, 2023, Plaintiffs moved for voluntary dismissal of their claims without prejudice and a stay of Defendant's claims in

---

[1] The Franchise Agreement's arbitration provision contained a carve-out allowing Plaintiffs to bring an action for damages, injunctive relief, or both to enforce its "trademark or proprietary rights, the covenants not to compete, or the restriction on disclosure of Confidential Information."

favor of arbitration. Defendant failed to file any opposition by the Court-ordered opposition deadline, December 8, 2023. In a subsequent letter to the Court on December 14, 2023, Plaintiffs' counsel informed the Court that at a preliminary conference with the arbitrator that same day, Defendant's counsel "did not disagree with Plaintiffs' position that this entire matter should now proceed in arbitration." *See* ECF 45.

## DISCUSSION

The Court first grants Plaintiffs' motion to stay Defendant's counterclaims in favor of arbitration. The Franchise Agreement's arbitration provision covers disputes "arising out of" the Agreement, and, as Defendant states in her Answer and Counterclaim, the action "arises out of a franchise agreement." *See* ECF 20, at 3. Accordingly, because the arbitration provision covers the claims and is enforceable, *see, e.g.*, *Doctor's Assocs., Inc. v. Hamilton*, 150 F.3d 157, 163 (2d Cir. 1998) (near-identical provision enforceable), the Federal Arbitration Act ("FAA") requires a mandatory stay. *See Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015).

Next, the Court grants Plaintiffs' motion to voluntarily dismiss their claims without prejudice pursuant to Rule 41(a)(2). Under either of the two relevant tests under Rule 41(a)(2), voluntary dismissal is appropriate. *See Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (discussing "two lines of authority"). First,

Plaintiffs have shown that Defendant would not suffer "plain legal prejudice other than the mere prospect of a second lawsuit." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011). Second, Plaintiffs have also shown that the so-called *Zagano* factors warrant dismissal. See *Camilli*, 436 F.3d at 123 (citing *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990)). Specifically, Plaintiffs have shown that: (1) they exercised diligence in bringing the motion, (2) there is no evidence of "vexatiousness" by the Plaintiffs, (3) the case has not progressed significantly outside the preliminary injunction decision, (4) there is little threat of duplicative expense of relitigation, and (5) Plaintiffs have proffered an adequate explanation for their need to dismiss.

Accordingly, the Court stays Defendant's counterclaims and grants Plaintiffs' motion to voluntarily dismiss their claims without prejudice pursuant to Rule 41(a)(2).

**SO ORDERED.**

          /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 26, 2024

4